NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000026
07-DEC-2017
09:05 AM**

NO. CAAP-17-0000026

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR
LUMINENT 2006-7, Plaintiff-Appellee,
v.
LERMA SALUDES YAMASHITA, Defendant-Appellant,
and
RANDALL M.L. YEE, PERSONAL REPRESENTATIVE
FOR THE ESTATE OF FRED BRIOSO SALUDES;
PACITA CABULERA SALUDES; NATIONAL BANK,
Defendants- Appellees,
and
JOHN DOES 1-50; JANE DOES 150; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-10; and
DOE GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-1821)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard, and Ginoza, JJ.)

Defendant-Appellant Lerma Saludes Yamashita
(**Yamashita**), appeals from the "Findings of Fact and Conclusions
of Law; Order Granting Plaintiff's Motion for Default and/or
Summary Judgment Against All Parties and for Interlocutory Decree
of Foreclosure" (**Order Granting Summary Judgment**), and a
Judgment, both filed on December 19, 2016, by the Circuit Court

of the First Circuit (**circuit court**).[1]  The Order Granting
Summary Judgment and the Judgment were entered in favor of
Plaintiff-Appellee HSBC Bank, USA as Trustee for Luminent 2006-7
(**HSBC Bank**).[2]

On appeal, Yamashita contends the circuit court erred
in granting summary judgment to HSBC Bank because: (1) HSBC Bank
failed to establish standing; (2) the circuit court relied on
hearsay evidence; (3) there was a genuine issue of material fact
whether HSBC Bank was prevented from obtaining "the equitable
relief of foreclosure where the Doctrine of Unclean Hands
applied"; and (4) loss mitigation was pending.

Upon careful review of the record and the briefs
submitted by the parties and having given due consideration to
the arguments advanced and the issues raised by the parties, as
well as the relevant legal authorities, we resolve Yamashita's
points of error as follows, and we vacate and remand.

The Hawai'i Supreme Court's decisions in Bank of
America, N.A. v. Reyes-Toledo, 139 Hawai'i 361, 390 P.3d 1248
(2017) and U.S. Bank, N.A. v. Mattos, 140 Hawai'i 26, 398 P.3d
615 (2017) are dispositive in this case.

In Reyes-Toledo, a judicial foreclosure action, the
supreme court held that in order to establish a right to
foreclose, the foreclosing plaintiff must establish standing, or
entitlement to enforce the subject note, *at the time the action
was commenced.*  139 Hawai'i at 367-70, 390 P.3d at 1254-57.  The
supreme court stated that a foreclosing plaintiff must typically
"prove the existence of an agreement, the terms of the agreement,
a default by the mortgagor under the terms of the agreement, and
giving of the cancellation notice."  Id. at 367, 390 P.3d at 1254

---

[1]  The Honorable Bert I. Ayabe presided.

[2]  It appears in the record that at times HSBC Bank is also referred to
as "HSBC Bank USA, National Association as Trustee for Luminent 2006-7."
There does not appear to be anything formal in the record showing a
substitution or change in name for the plaintiff.  The allonge that endorses
the subject Note in this case is made payable to "HSBC Bank USA, National
Association as Trustee for Luminent 2006-7."

(citing <u>Bank of Honolulu, N.A. v. Anderson</u>, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982)). Furthermore, "[a] foreclosing plaintiff must also prove its entitlement to enforce the note and mortgage." <u>Id.</u> (citations omitted). The supreme court then expressed that "[a] foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as 'standing is concerned with whether the parties have the right to bring suit.'" <u>Id.</u> (brackets omitted) (quoting <u>Mottl v. Miyahira</u>, 96 Hawai'i 381, 388, 23 P.3d 716, 723 (2001)). The supreme court further stated that "[a]s standing relates to the invocation of the court's jurisdiction, it is not surprising that standing must be present at the commencement of the case." <u>Reyes-Toledo</u>, 139 Hawai'i at 368, 390 P.3d at 1255 (citation omitted).

In <u>Mattos</u>, also a judicial foreclosure case, summary judgment was granted to the foreclosing plaintiff, U.S. Bank. 140 Hawai'i at 29, 398 P.3d at 618. On appeal, one of the issues was whether relevant loan documents had been properly admitted through the declaration of an individual named Richard Work (**Work**), as records of regularly conducted activity under Hawaii Rules of Evidence (**HRE**) 806(b)(6). <u>Id.</u> at 28, 30-33, 398 P.3d at 617, 619-622. In his declaration, Work attested, *inter alia*, that he was a "Contract Management Coordinator" of OCWEN Loan Servicing, LLC (**Ocwen**), the "servicer" for plaintiff U.S. Bank on the subject loan. <u>Id.</u> at 30-31, 398 P.3d at 619-20. Because Work did not attest that he was the custodian of records for either U.S. Bank or Ocwen, the supreme court noted that "the documents attached to his declaration are admissible under the HRE 803(b)(6) hearsay exception only if he is a 'qualified witness' with respect to those documents." <u>Id.</u> at 32, 398 P.3d at 621. The supreme court applied its analysis in <u>State v. Fitzwater</u>, 122 Hawai'i 354, 365-66, 227 P.3d 520, 531-32 (2010) and ruled as follows:

> To the extent the ICA ruled that Work's declaration
> established him as a "qualified witness" with respect to
> Ocwen's records, we agree. To the extent the ICA opinion

3

> concluded that Work met the requirements to be a "qualified witness" with respect to U.S. Bank's records, however, we disagree. *Fitzwater* addresses situations in which one business *receives* documents created by another business and includes them in its own records. Work's declaration does not indicate that U.S. Bank's Records were received by Ocwen and incorporated into the Ocwen Records. Work's declaration also does not establish that Work is familiar with the record-keeping system of U.S. Bank. Rather, Work merely states that he has access to and is familiar with U.S. Bank's records. Thus Work's declaration does not satisfy foundational requirements to make him a "qualified witness" for U.S. Bank's records pursuant to *Fitzwater*.

Mattos, 140 Hawaiʻi at 32-33, 398 P.3d at 621-622 (emphasis added).

In light of its prior ruling in Reyes-Toledo, the supreme court in Mattos further held that:

> [s]ince [an] allonge was apparently used to specifically indorse the note to U.S. Bank, admissible evidence was needed to demonstrate that U.S. Bank was in possession of the note and allonge at the time of the filing of this foreclosure complaint for U.S. Bank to be entitled to summary judgment.

140 Hawaiʻi at 33, 398 P.3d at 622 (emphasis added). Among other shortcomings, the supreme court noted that Work's declaration did not attest that U.S. Bank possessed the original note and allonge when the foreclosure complaint was filed. Id. The supreme court thus ruled that "Work's declaration failed to meet U.S. Bank's burden of establishing facts necessary for a grant of summary judgment." Id.

In the instant case, HSBC Bank filed the Complaint For Foreclosure (**Complaint**) on June 27, 2012.[3] Like the foreclosing plaintiffs in Reyes-Toledo and Mattos, HSBC Bank was granted summary judgment and a decree of foreclosure. A grant of summary judgment is reviewed *de novo*. Mattos, 140 Hawaiʻi at 30, 398 P.3d at 619.

HSBC Bank argues on appeal that it established its standing at the commencement of the action. Specifically, HSBC

---

[3] The Complaint was filed one day before the effective date of Hawaii Revised Statutes (**HRS**) § 667-17 (Supp. 2012), which if applicable would have required the filing of an attorney affirmation verifying the accuracy of documents submitted in this judicial foreclosure action. See 2012 Haw. Sess. Laws Act 182, § 3 at 645-46.

Bank argues that it alleged in the Complaint that it "is the holder of the Note" and that the factual accuracy of the Complaint allegations were later attested to by both PNC Bank N.A. (**PNC**), the servicer for HSBC Bank, and by HSBC Bank's counsel.  However, given the record and the supreme court's recent rulings, there is no admissible evidence to establish HSBC Bank's standing when the Complaint was filed.

HSBC Bank relies on the following, filed contemporaneously with its summary judgment motion, to establish its standing: (1) the "Verified Declaration of Indebtedness" executed on July 7, 2014, by Luann Jones (**Jones**), an employee of PNC and the "Authorized Signer," to which the subject Adjustable Rate Note (**Note**) and allonge are attached as Exhibit "A"; and (2) the "Affirmation of Attorney" executed by Robin Miller (**Miller**), counsel for HSBC Bank in this case.

Jones's declaration attests, in relevant part, that PNC is the "loan servicing agent" for HSBC Bank and that "[PNC] is in possession of the Note."[4]  Jones's statement that "[PNC] is in possession of the Note" is insufficient given that it does not establish that HSBC Bank had possession of the Note and allonge at the time the Complaint was filed.  Mattos, 140 Hawaiʻi at 33, 398 P.3d at 622 ("Since the allonge was apparently used to specifically indorse the note to U.S. Bank, admissible evidence was needed to demonstrate that U.S. Bank was in possession of the note and allonge at the time of the filing of this foreclosure complaint for U.S. Bank to be entitled to summary judgment.")

Jones further attests that "I have reviewed the Complaint for Foreclosure prepared by RCO Hawaii, LLLC, including the attached exhibits and I have confirmed the factual accuracy

---

[4] Given Jones's definition of the "Note" in her declaration, it does not appear to include the allonge which endorses the Note to "HSBC Bank USA, National Association as Trustee for Luminent 2006-7."  That is, Jones defines the Note as the promissory note executed by Yamashita and Fred Brioso Saludes on July 13, 2006 and "delivered to National City Mortgage a division of National City Bank of Indiana."  Jones does not include the allonge as part of the definition of "Note."

5

of the allegations set forth therein." First, the Note and allonge were not attached to the Complaint. Second, Jones's declaration is similar to the declaration of Work in <u>Mattos</u>. Jones does not attest that she is the custodian of records for either PNC or HSBC Bank, and pursuant to the analysis in <u>Mattos</u>, she is not a "qualified witness" for purposes of admitting HSBC Bank's records under the HRE 803(b)(6) hearsay exception.

Jones's declaration states in relevant part:

> 1. I have knowledge of and I am competent to testify to the matters stated herein by virtue of my employment for PNC Bank N.A. the loan servicing agent for Plaintiff HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR LUMINENT 2006-7 ("Plaintiff"). I have been trained to use and understand the record keeping system utilized for this loan. I know that pursuant to normal business practices, the entries in the business records are made at or near the time of the occurrence by the person with actual knowledge of the occurrence being recorded in the business record. I have also been trained to use and understand the entries in the record and am familiar with the same. My knowledge is based on my review of the business records and files related to the mortgage loan which is the subject of this foreclosure.

> . . . .

> 10. All documents, memoranda, reports and records of data compilation (collectively, "Records of Acts") that are attached as Exhibits A-E to my Declaration, as well as all other factual information contained herein, represent records of regularly conducted activity relating to the subject loan.

> 11. The Records of Acts were and are made in the course of Plaintiff's and Plaintiff's servicing agent's regularly conducted business activity of mortgage lending and mortgage servicing.

> 12. All herein referenced Records of Acts were and are made at or near the time of the acts reported. Entries into these records are made by persons having personal knowledge of such event, and are reviewed by me from time to time to ensure accuracy and completeness, and are relied upon by Plaintiff and its servicing agent in the conduct of its business.

> 13. I am familiar with the referenced Records of Acts, which is used to record and track events and documents by Plaintiff and its servicing agent that are relevant to this loan. These records are routinely made in the ordinary course of business in a filing and computer system that I have access to, have been trained to use and understand, and with which I am familiar.

> 14. I reviewed the Complaint for Foreclosure prepared by RCO Hawaii, LLLC, including the attached exhibits and I have confirmed the factual accuracy of the allegations set forth therein.

15. I reviewed the notarizations contained in the supporting documents filed with the Complaint for Foreclosure and confirmed the accuracy of the notarizations by examining the notarizations for signs of forgery or tampering and verifying the factual accuracy of the notarized documents using business records.

Similar to Work's declaration in Mattos, Jones's declaration does not indicate that HSBC Bank's records were received by PNC and incorporated into PNC's records. 140 Hawaiʻi at 33, 398 P.3d at 622. Further, like Work's declaration, although Jones states she has access to and is familiar with HSBC Bank's records, her declaration does not establish that she is familiar with the record-keeping system of HSBC Bank.[5] See Id. at 32-33, 398 P.3d at 621-22. Therefore, under Mattos, Jones is not a "qualified witness" with respect to admission of HSBC Bank's records.

As for Miller's declaration, she does not attest to any personal knowledge of the relevant facts or documents, but rather relies primarily on Jones's declaration.

In sum, the admissible evidence submitted in support of HSCB Bank's summary judgment motion and the record fail to demonstrate that HSCB Bank was in possession of the Note and allonge at the time this action commenced. Viewing the facts and inferences in the light most favorable to Yamashita, as we must for purposes of reviewing the summary judgment ruling, there is a genuine issue of material fact as to whether HSBC Bank was entitled to enforce the subject Note when this foreclosure action was commenced. Under Reyes-Toledo, HSBC Bank failed to meet its initial burden to show that it was entitled to summary judgment. Therefore, the circuit court erred in granting HSBC Bank's motion for summary judgment. Reyes-Toledo, 139 Hawaiʻi at 370-71, 390 P.3d at 1257-58.

Given that HSBC Bank did not establish its standing, we

_____

[5] Jones attests that "I have been trained to use and understand the record keeping system utilized for this loan." (Emphasis added.) This does not appear to satisfy the requirements discussed in Mattos. Moreover, the records attached to Jones's declaration do not establish that HSBC Bank possessed the note and allonge when the compliant was filed.

need not address Yamashita's other points of error.

Therefore, IT IS HEREBY ORDERED that the circuit court's "Findings of Fact and Conclusions of Law; Order Granting Plaintiff's Motion for Default and/or Summary Judgment Against All Parties and for Interlocutory Decree of Foreclosure" and Judgment, both filed on December 19, 2016, are vacated. This case is remanded to the circuit court for further proceedings.

DATED: Honolulu, Hawai'i, December 7, 2017.

On the briefs:

Gary Victor Dubin,
Katherine S. Belford,
for Defendant-Appellant.

Jade Lynne Ching,
David A. Nakashima,
Kanoelani S. Kane,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

8